1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  MIGUEL HERNANDEZ,              ) Case No. CV 25-0999-JPR
                                   )
13                    Plaintiff,   )
                                   ) ORDER GRANTING PLAINTIFF'S MOTION
14          v.                     ) FOR ENTRY OF DEFAULT JUDGMENT
                                   )
15  SO CAL AUTO CLINIC et al.,     )
                                   )
16                    Defendants.  )
                                   )
17  _____

18       On February 5, 2025, Plaintiff filed a Complaint against So

19  Cal Auto Clinic and Anoush Papazian, as trustee of the Anoush

20  Papazian Trust, claiming violations of the Americans with

21  Disabilities Act of 1990, the Unruh Civil Rights Act, the

22  California Disabled Persons Act, and California Health and Safety

23  Code section 19955 and alleging negligence under state law as

24  well.  (Compl., ECF No. 1 at 4-10 (throughout, the Court uses the

25  pagination generated by its Case Management/Electronic Case

26  Filing system).)

27       Plaintiff purportedly served copies of the Summons,

28  Complaint, and related documents on Papazian by substitute

1

1  service at his home on February 27, 2025 (Proof Serv., ECF No. 8
2  at 1), and on So Cal Auto Clinic by personal service on February
3  28 (Proof Serv., ECF No. 9 at 1).   Defendants failed to respond
4  to the Complaint or otherwise appear.   The Clerk entered default
5  against So Cal Auto Clinic and Papazian on March 26 and April 2,
6  2025, respectively.   (See Default, ECF Nos. 11 & 13.)

7      On April 18, 2025, the Clerk notified the parties that
8  "pursuant to the Local Rules," the period to decline consent to
9  the magistrate judge had expired and that all parties therefore
10  had knowingly and voluntarily consented to proceed before the
11  magistrate judge for all purposes.[1]   (See ECF No. 14.)

---

[1] Those local rules, enacted in December 2024, provide that
when a case is directly assigned to a magistrate judge upon filing,
as here, a defendant's time to opt out of having that magistrate
judge preside over the case for all purposes runs from when the
Notice of Assignment to U.S. Magistrate Judge and Declination of
Consent form was served on the defendant.  C.D. Cal. R. 73-2.1.  If
the defendant does not timely affirmatively opt out of having the
magistrate judge preside, the defendant will be deemed to have
consented to such jurisdiction.  C.D. Cal. R. 73-2.2.   Here,
Papazian's and So Cal Auto Clinic's time to opt out expired on
March 13 and 14, 2025, respectively, and no declinations of consent
were received before then.   (See Proofs Service, ECF Nos. 8 & 9.)
It has not yet been resolved whether these rules as they apply to
defendants who never appear are consistent with authority.   See
Roell v. Withrow, 538 U.S. 580, 590 & n.3 (2003) (finding that
consent to magistrate-judge jurisdiction may be implied when party
whose express consent was not obtained "voluntarily appeared to try
the case before the Magistrate Judge" and noting that "appearance"
requires "overt act"); cf. Allen v. Meyer, 755 F.3d 866, 867-68
(9th Cir. 2014) (finding that consent could not be implied when
defendants twice failed to respond to express inquiry about whether
they consented to magistrate-judge jurisdiction even though
defendants had taken affirmative step of filing reply brief to
motion to dismiss after first such inquiry).  But this Court is of
course subject to the Local Rules, and because there is no
mechanism provided by those rules for this case to be reassigned to
a District Judge in these circumstances, the Court provides
Plaintiff with the relief to which it believes he is entitled.

1    On June 4, 2025, Plaintiff moved for entry of default
2    judgment and set the motion for hearing on July 10, 2025.
3    Defendants did not file opposition.  On July 3, 2025, the Court
4    vacated the hearing after finding the matter appropriate for
5    decision without oral argument.  See Fed. R. Civ. P. 78(b); C.D.
6    Cal. R. 7-15.  For the following reasons, Plaintiff's Motion for
7    Default Judgment is GRANTED.

8                        **FACTUAL BACKGROUND**

9    Plaintiff is a California resident with a physical
10   disability.  (Compl., ECF No. 1 at 2.)  He "suffers from
11   paraplegia, chronic pain with hypertension secondary to the
12   injury and lumbar strain, and is substantially limited in his
13   ability to walk," and he "requires the use of a wheelchair at all
14   times when traveling in public."  (Id.)  "Defendants are, or were
15   at the time of the incident, the real property owners, business
16   operators, lessors and/or lessees of the real property for an
17   auto repair shop . . . located at or about 7026 Foothill Blvd.,
18   Tujunga, California."  (Id.)  The shop is a "business
19   establishment, open to the public, and is a place of public
20   accommodation that affects commerce through its operation."  (Id.
21   at 3.)

22   In October 2024, Plaintiff visited Defendants' repair shop
23   and "personally encountered a number of barriers that interfered
24   with his ability to use and enjoy the goods, services,
25   privileges, and accommodations offered."  (Id.)  Among them, the
26   entrance had a step but no ramp.  (Id.)  Plaintiff alleges that
27   additional barriers to entry were identified after further site
28   inspection.  (Id. at 4.)  Although Plaintiff wishes to return and

3

1  patronize the shop, he is deterred from doing so because of the
2  alleged violations.  (Id. at 3.)  Defendants have the "financial
3  resources to remove the[] barriers without much difficulty or
4  expenses" but have not done so or otherwise modified the business
5  to conform to the accessibility regulations.  (Id. at 4.)

6      The Complaint seeks injunctive relief directing Defendants
7  to comply with the ADA and Unruh Civil Rights Act; statutory,
8  general, and treble damages; restitution; attorney's fees,
9  expenses, and costs; prejudgment interest under California Civil
10  Code section 3291; and "[s]uch other and further relief as the
11  Court deems just and proper."  (Id. at 10.)

12                          **LEGAL STANDARD**

13      Under Rule 55(b) of the Federal Rules of Civil Procedure, a
14  court-ordered default judgment may be entered after entry of
15  default by the court clerk under Rule 55(a).  A court's decision
16  to enter default judgment is a "discretionary one."  Aldabe v.
17  Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam).  When
18  determining whether entry of default judgment is appropriate,
19  courts consider the following seven factors:

20          (1) the possibility of prejudice to the plaintiff, (2)
21          the merits of plaintiff's substantive claim, (3) the
22          sufficiency of the complaint, (4) the sum of money at
23          stake in the action; (5) the possibility of a dispute
24          concerning material facts; (6) whether the default was
25          due to excusable neglect, and (7) the strong policy
26          underlying the Federal Rules of Civil Procedure favoring
27          decisions on the merits.
28  Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

                                4

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam); see also DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007) ("[I]n defaulting, defendants are deemed to have admitted all well-pleaded factual allegations contained in the complaints.").

**DISCUSSION**

**I.   Subject-Matter Jurisdiction**

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).  Here, the Court has subject-matter jurisdiction over Plaintiff's ADA claim.  See 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") & 1343(a)(3)–(4).  In addition, the Court exercises supplemental jurisdiction over Plaintiff's state-law claims.  See § 1367(a) (courts have supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").[2]

**II.  Service of Process**

A federal court does not have jurisdiction over a defendant

_____

[2] Because the Court enters default judgment on all claims, the April 23, 2025 order to show cause (ECF No. 15) is discharged.

until the defendant has been served properly under Federal Rule of Civil Procedure 4.  <u>Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.</u>, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4 is a "flexible rule," however, and "should be liberally construed so long as a party receives sufficient notice of the complaint."  <u>Id.</u> (citations omitted).

An individual within a U.S. judicial district is properly served by leaving a copy of the summons and complaint at the "individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," among other methods.  Fed. R. Civ. P. 4(e)(2)(B).  A corporation within a U.S. judicial district is properly served when it is served "in the manner prescribed by Rule 4(e)(1)" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h)(1).

Papazian purportedly was served on February 27, 2025, by substitute service at his home.  (Proof Serv., ECF No. 8 at 1.) Copies of the Summons, Complaint, and other documents were left with a 65-year-old male "[c]oresident," and additional copies were mailed to the residence later that same day.  (<u>Id.</u>)  So Cal Auto Clinic purportedly was served on February 28, 2025, by personal service.  (Proof Serv., ECF No. 9 at 1.)  Copies of the Summons, Complaint, and related documents were delivered to Vigen Shirvanyan, apparently So Cal Auto Clinic's authorized agent.

1  (Id.)

2       Thus, Defendants appear to have been properly served.

3  **III.  Procedural Requirements**

4       Local Rule 55-1 requires the party moving for default

5  judgment to submit a declaration that 1) states "[w]hen and

6  against what party the default was entered"; 2) identifies the

7  pleading as to which default was entered; 3) states "[w]hether

8  the defaulting party is an infant or incompetent person, and if

9  so, whether that person is represented by a general guardian,

10 committee, conservator or other representative"; 4) affirms that

11 the Servicemembers Civil Relief Act does not apply; and 5)

12 confirms that notice of the motion for default judgment has been

13 served on the defaulting party, if required by Federal Rule of

14 Civil Procedure 55(b)(2).

15      Plaintiff's counsel submitted a declaration stating that 1)

16 the Clerk entered default against Defendants So Cal Auto Clinic

17 and Papazian on March 26 and April 2, 2025, respectively; 2)

18 default was entered on Plaintiff's February 5, 2025 Complaint; 3)

19 Defendants are not infants or incompetent persons; and 4)

20 Defendants are not in military service or otherwise covered by

21 the Servicemembers Civil Relief Act.  (Kim Decl., ECF No. 18-2

22 ¶¶ 3-5.)  Further, Plaintiff served the motion for default

23 judgment on Defendants.  (See Proof Serv., ECF No. 18-6 at 2.)

24      Accordingly, the procedural requirements have been

25 satisfied.

26 **IV.  The _Eitel_ Factors**

27      A.   Possibility of Prejudice to Plaintiff

28      Under the first _Eitel_ factor, courts consider whether a

7

plaintiff would be prejudiced without a default judgment.  782

F.2d at 1471.  Generally, a plaintiff may suffer prejudice when

there is no "recourse for recovery" other than default judgment.

PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D.

Cal. 2002); see also Amini Innovation Corp. v. KTY Int'l Mktg.,

768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) ("If the Court does

not enter a default judgment, it will allow Defendant to avoid

liability by not responding to Plaintiff's claims.").  Because

Defendants have not answered or otherwise appeared in this suit,

Plaintiff will be without recourse for recovery and will likely

suffer prejudice without default judgment.

     For this reason, the first Eitel factor weighs in favor of

default judgment.

     B.   Substantive Merits and Sufficiency of the Complaint

     The second and third Eitel factors require that a plaintiff

"state a claim on which the [plaintiff] may recover." PepsiCo,

Inc., 238 F. Supp. 2d at 1175 (alteration in original).

     As discussed below, the Complaint sufficiently raises claims

for violations of the Americans with Disabilities Act of 1990,

the Unruh Civil Rights Act, the California Disabled Persons Act,

and California Health and Safety Code section 19955 and for

negligence under state law.  (Compl., ECF No. 1 at 4-10.)

          1.   The ADA claim

     "Title III of the ADA prohibits discrimination on the basis

of disability in the 'full and equal enjoyment of the goods,

services, facilities, privileges, advantages, or accommodations

of any place of public accommodation' with a nexus in interstate

commerce." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 904 (9th

1   Cir. 2011) (quoting 42 U.S.C. § 12182(a)).  To succeed on such a

2   claim, plaintiffs must establish that 1) they are disabled within

3   the meaning of the ADA; 2) the defendant "is a private entity

4   that owns, leases, or operates a place of public accommodation";

5   and 3) the defendant discriminated against them by denying them

6   public accommodations because of their disability.  Lopez v.

7   Catalina Channel Express, Inc., 974 F.3d 1030, 1033 (9th Cir.

8   2020) (citations omitted).

9            a.   *Plaintiff's disabled status*

10       Under the ADA, disability is defined as "a physical or

11  mental impairment that substantially limits one or more major

12  life activities of such individual."  42 U.S.C. § 12102(1)(A).

13  Major life activities include "walking."  § 12102(2)(A).

14       Plaintiff alleges that he "suffers from paraplegia," among

15  other infirmities, and "is substantially limited in his ability

16  to walk."  (Compl., ECF No. 1 at 2.)  He "requires the use of a

17  wheelchair at all times when traveling in public."  (Id.)

18  Because his impairments substantially limit his ability to walk,

19  which is a major life activity, he has sufficiently alleged that

20  he is disabled within the meaning of the ADA and has thus

21  satisfied this factor.

22            b.   *Place of public accommodation*

23       The ADA provides that certain private entities, such as

24  "service establishments," are places of public accommodation "if

25  the operations of such entities affect commerce."  42 U.S.C.

26  § 12181(7)(F).  Service establishments include a "shoe repair

27  service" and gas stations.  Id.

28       Plaintiff alleges that So Cal Auto Clinic is "an auto repair

                                   9

shop business establishment, open to the public, and is a place of public accommodation that affects commerce through its operation." (Compl., ECF No. 1 at 3.) An auto repair shop is similar in kind to qualifying service establishments such as a gas station or a shoe repair service. See § 12181(7)(F); see also Fernandez v. Brother's Auto Repair, Inc., No. CV 19-5194 DSF (JEMx), 2020 WL 13916174, at *2 (C.D. Cal. Feb. 10, 2020) (finding that auto repair shop was "service establishment" and thus place of public accommodation under ADA). Accordingly, Plaintiff has sufficiently alleged that So Cal Auto Clinic is a place of public accommodation.

c.   *Denial of public accommodation because of Plaintiff's disability*

Under the ADA, discrimination by a place of public accommodation may include "failure to remove architectural barriers . . . in existing facilities, . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Plaintiffs bear the initial burden of showing that the required alterations would be "readily achievable." Lopez, 974 F.3d at 1038. To satisfy that burden, "ADA plaintiffs must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." Id. The ADA requires courts to consider four factors when determining if the removal of a barrier is readily achievable in a given situation. The factors are

(A) the nature and cost of the action needed [ ];

(B) the overall financial resources of the facility or facilities involved in the action; the number of persons

10

employed at such facility; the effect on expenses and
resources, or the impact otherwise of such action upon
the operation of the facility;

(C) the overall financial resources of the covered
entity; the overall size of the business of a covered
entity with respect to the number of its employees; the
number, type, and location of its facilities; and

(D) the type of operation or operations of the covered
entity, including the composition, structure, and
functions of the workforce of such entity; the geographic
separateness, administrative or fiscal relationship of
the facility or facilities in question to the covered
entity.

Lopez, 974 F.3d at 1038 (citing § 12181(9)(A)-(D)).  But
"plaintiffs are not required to address in detail each of the
four factors to meet their initial burden of plausibly explaining
why it is readily achievable to remove an architectural barrier."
Id.

Plaintiff alleges that "Defendants failed to provide at
least one accessible entrance as required as the entrance had a
step instead of a proper ramp."  (Compl., ECF No. 1 at 3.)
Because of that and other unidentified barriers and conditions,
Plaintiff was denied "full and equal access."  (Id.)

Plaintiff does not allege in the Complaint what alterations
are required, only that Defendants "had and still have the
financial resources to remove the[] barriers without much
difficulty or expenses."  (Id. at 4.)  He asserts in the motion
that removal of the step barrier "appears to be readily

11

achievable and limited to some concrete work to have a ramp to

the entryway, a temporary ramp made readily available during

operating hours, or an alternate accessible entrance provided."

(Mot. Default J., Mem. P. & A., ECF No. 18-1 at 9.)  Although

Plaintiff certainly could and perhaps should have said more on

this point, <u>see, e.g.</u>, <u>Benford v. Meza</u>, No. CV 24-06883-MWF

(JCx), 2025 WL 1720197, at *4 (C.D. Cal. Feb. 4, 2025) (denying

motion for default judgment when plaintiff "provide[d] no

information" as to size of barrier or cost to fix it), he has

alleged the bare minimum of facts plausibly showing that removing

the barrier is readily achievable because the costs of providing

a ramp are likely relatively minimal, <u>see</u> <u>Lopez</u>, 974 F.3d at

1038.

### 2.   The state-law claims

The Unruh Civil Rights Act provides that "[a]ll persons

within the jurisdiction of [California] are free and equal, and

no matter what their . . . disability . . . are entitled to the

full and equal accommodations, advantages, facilities,

privileges, or services in all business establishments of every

kind whatsoever."  Cal. Civ. Code § 51(b).  Under section 51(f),

"[a] violation of the right of any individual under the federal

Americans with Disabilities Act of 1990 . . . shall also

constitute a violation of this section."

Because Plaintiff has sufficiently pleaded an ADA claim, he

has also adequately pleaded a claim under the Unruh Civil Rights

Act.  <u>See</u> <u>id.</u>

For these reasons, the second and third <u>Eitel</u> factors weigh

in favor of default judgment.

12

1

   C.   <u>Amount at Stake</u>

2      "The fourth <u>Eitel</u> factor examines the amount of money at

3 stake in the action relative to the gravity of the defendant's

4 conduct." <u>Allstate Life Ins. Co. v. Markowitz</u>, 590 F. Supp. 3d

5 1210, 1216 (C.D. Cal. 2022).  Courts are required to "assess

6 whether the recovery sought is proportional to the harm caused by

7 defendant's conduct." <u>Landstar Ranger, Inc. v. Parth Enters.</u>,

8 Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).  This factor

9 weighs against default judgment when the sum of money at stake is

10 too large or unreasonable given the defendant's conduct. <u>KKMI</u>

11 <u>Sausalito, LLC v. Vessel "Self Inflicted"</u>, 428 F. Supp. 3d 200,

12 208 (N.D. Cal. 2019) ("A default judgment is only disfavored when

13 a large amount of money is involved or is unreasonable in light

14 of Defendant's actions.").

15      Plaintiff seeks injunctive relief and $4,000 in statutory

16 damages, $2,755 in attorney's fees, and $670 in costs, for a

17 total of $7,425.  (Mot. Default J., ECF No. 18 at 2; Mem. P. &

18 A., ECF No. 18-1 at 9; <u>see also</u> Compl., ECF No. 1 at 10.)  Such

19 an award is reasonably proportionate in this context. <u>See, e.g.</u>,

20 <u>Vogel v. Rite Aid Corp.</u>, 992 F. Supp. 2d 998, 1012 (C.D. Cal.

21 2014) (finding that $13,739.20 judgment against defendant,

22 consisting of statutory damages and attorney's fees and costs,

23 was "neither too large nor to[o] unreasonable when balanced

24 against [defendant's] actions" and that the relief was "needed"

25 given defendant's "failure to appear and defend, and thus his

26 failure to show that he has complied with the ADA or Unruh Act"),

27 <u>abrogated on other grounds by</u> <u>Lopez</u>, 974 F.3d at 1038; <u>Raglin v.</u>

28 <u>May</u>, No. 2:24-cv-06279-MEMF-MAR, 2025 WL 1018381, at *5 (C.D.

Cal. Apr. 3, 2025) (finding that award of $4,000 damages and attorney's fees and costs of $3,245 weighed in favor of default judgment).

Accordingly, the fourth <u>Eitel</u> factor weighs in favor of default judgment.

### D.    Possibility of Dispute

"The fifth <u>Eitel</u> factor considers the possibility of dispute as to any material facts in the case." <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177. As explained above, on default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917–18. Here, Defendants have not appeared in this action and default has been entered, and it is thus unlikely that a dispute as to material facts will arise. <u>See</u> <u>Elektra Ent. Grp. Inc. v. Crawford</u>, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

For these reasons, the fifth <u>Eitel</u> factor weighs in favor of default judgment.

### E.    Possibility of Excusable Neglect

Under the sixth <u>Eitel</u> factor, courts consider the possibility that the default resulted from excusable neglect. 782 F.2d at 1472. Generally, this factor weighs in favor of default judgment if a defendant was properly served with the summons and complaint. <u>See</u> <u>Allstate Life Ins. Co.</u>, 590 F. Supp. 3d at 1216. Here, Defendants appear to have been properly served with the Complaint and Summons. (<u>See</u> Proofs Serv., ECF Nos. 8 &

14

9.)  Thus, there likely is no excusable neglect.  <u>See</u> <u>Bailey v.</u>
<u>Pot Shop Inc</u>, No. 5:24-cv-01456-SSS-DTBx, 2024 WL 5423062, at *3
(C.D. Cal. Dec. 18, 2024) (sixth <u>Eitel</u> factor weighed in favor of
default judgment because defendants were served with complaint
and failed to act despite opportunity to do so).

    For that reason, this factor weighs in favor of default
judgment.

        F.   <u>Policy Favoring Decisions on the Merits</u>

    Default judgment is "ordinarily disfavored," and cases
"should be decided upon their merits whenever reasonably
possible."  <u>Eitel</u>, 782 F.2d at 1472.  Although this factor
generally weighs against default judgment, it is "not
dispositive."  <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177 (citation
omitted).

                              *  *  *

    For all these reasons, the <u>Eitel</u> factors weigh in favor of
default judgment.  The Motion is therefore GRANTED.

**V.   Requested Relief**

    Plaintiff seeks injunctive relief, statutory damages, and
attorney's fees and costs.  (Compl., ECF No. 1 at 10; Mot.
Default J., ECF No. 18 at 2.)

        A.   <u>Injunctive Relief</u>

    The ADA provides for injunctive relief, which "shall include
an order to alter facilities to make such facilities readily
accessible to and usable by individuals with disabilities to the
extent required by" law.  42 U.S.C. § 12188(a).  "[T]he standard
requirements for equitable relief need not be satisfied when an
injunction is sought to prevent the violation of a federal

1    statute which specifically provides for injunctive relief."

2    Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1175

3    (9th Cir. 2010) (as amended) (citations omitted).

4         Here, as explained above, Plaintiff has stated a claim for

5    violation of the ADA and can thus obtain an injunction ordering

6    Defendants to provide an entryway compliant with the ADA.

7         B.   Statutory Damages

8         The Unruh Civil Rights Act provides for an award of damages

9    "up to a maximum of three times the amount of actual damage but

10   in no case less than four thousand dollars ($4,000)."   Cal. Civ.

11   Code § 52(a).   Prevailing litigants "need not prove [they]

12   suffered actual damages to recover the independent statutory

13   damages of $4,000."   Molski v. M.J. Cable, Inc., 481 F.3d 724,

14   731 (9th Cir. 2007).

15        As explained above, Plaintiff prevails on his Unruh Civil

16   Rights Act claim, as to which he requests the minimum $4,000; he

17   has not asked for any other statutory damages.   (See Mot., ECF

18   No. 18-1 at 6, 9.)   Thus, he is entitled to statutory damages in

19   the amount of $4,000.

20        C.   Attorney's Fees and Costs

21        Plaintiffs who prevail on ADA claims may be awarded "a

22   reasonable attorney's fee, including litigation expenses, and

23   costs."   42 U.S.C. § 12205.   The Unruh Civil Rights Act similarly

24   provides for attorney's fees.   See Cal. Civ. Code § 52(a).

25        1.   Attorney's fees

26        Generally, attorney's fees awarded on default judgment are

27   calculated according to the fee schedule provided in Local Rule

28   55-3.   For judgments in an amount between $1,000.01 and

16

$10,000.00, attorney's-fees awards are $300 plus 10 percent of
the amount over $1,000.  Id.  "An attorney claiming a fee in
excess of this schedule may file a written request at the time of
entry of the default judgment to have the attorney's fee fixed by
the Court."  Id.  If a party timely makes such a request, the
court "must hear the request and award a 'reasonable' fee . . .
without using the fee schedule as a starting point."  Vogel v.
Harbor Plaza Ctr., LLC, 893 F.3d 1152, 1159 (9th Cir. 2018).
"The most useful starting point for determining the amount of a
reasonable fee is the number of hours reasonably expended on the
litigation multiplied by a reasonable hourly rate."  Id. at 1158
(citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

    Plaintiff requests that the Court affix attorney's fees and
argues that it is inappropriate to use Local Rule 55's default
fee schedule.  (Mot. Default J., Mem. P. & A., ECF No. 18-1 at
12-13.)  He seeks $2,755 in attorney's fees, including 4.10
attorney hours that Plaintiff's counsel, Jason J. Kim, billed at
$500 an hour and 4.70 hours that a paralegal billed at $150 an
hour.  (Kim Decl., Ex. A, ECF No. 18-2 at 5-6.)  The requested
hourly rates are reasonable.  See Harrell v. Restaurante, No.
5:24-cv-00938-SSS-SHKx, 2024 WL 5411194, at *5 (C.D. Cal. Dec.
17, 2024) (finding so in similar ADA case filed by Plaintiff's
attorney).

    Most of the paralegal's requested fees are not compensable,
however.  Plaintiff seeks $555 for 3.70 hours of paralegal time
to eFile the initial pleadings and other case filings, create the
case file, gather and copy documents, and calendar the order to
show cause regarding supplemental jurisdiction and the motion for

17

default judgment. (See id. (billing entries from Feb. 5 & 21; Mar. 3, 4, & 24; Apr. 1 & 23; May 21; and June 4, 2025).) These activities are clerical in nature, and Defendants shouldn't have to pay a paralegal's hourly rate for tasks that could have been performed by someone without such advanced skills and training. See Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) (holding that "filing, transcript, and document organization time was clerical in nature and should have been subsumed in firm overhead"); Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."); Operating Eng'rs' Health & Welfare Tr. Fund v. Ag-Tech Inc., No. 18-cv-05411-JSC, 2019 WL 5088804, at *8 (N.D. Cal. July 19, 2019) (reducing amount of attorney's fees requested by plaintiff on entry of default judgment to extent paralegal time was for clerical tasks, including eFiling documents and calendaring deadlines), accepted by 2019 WL 5103816 (N.D. Cal. Oct. 11, 2019); Moore v. Millenium Acquisitions, LLC, No. 1:14-cv-01402-DAD-SAB, 2017 WL 1079753, at *6 (E.D. Cal. Mar. 21, 2017) (reducing amount of attorney's fees requested by prevailing plaintiff in ADA accessibility action to extent paralegal time was for clerical tasks). Thus, the Court reduces the number of paralegal hours by 3.7.

Further, Plaintiff's counsel engaged in block billing. But the only place that matters is the May 7, 2025 entry, as to which the Court is unable to tell how much of the total .40 of an hour billed was spent on attorney tasks and how much on noncompensable clerical chores. (See Kim Decl., Ex. A, ECF No. 18-2 at 6

1   (billing entry listing "[d]raft & eFile OSC re: Supplemental
2   Jurisdiction; [g]ather supporting [d]eclarations").)  Thus, the
3   Court reduces the number of hours by that .40 because counsel has
4   not met his burden of showing reasonableness.

5       Plaintiff is thus awarded attorney's fees in the amount of
6   $2,000, for 3.7 hours of attorney time at $500 an hour and one
7   hour of paralegal time at $150 an hour.  That is "commensurate
8   with the complexity level of these ADA cases."  Shayler v. 1310
9   PCH, LLC, 51 F.4th 1015, 1021 (9th Cir. 2022).

10          2.   Costs
11      Under Federal Rule of Civil Procedure 54(d), "[u]nless a
12  federal statute, these rules, or a court order provides
13  otherwise, costs — other than attorney's fees — should be allowed
14  to the prevailing party."  The "prevailing party" is the "party
15  in whose favor judgment is entered, unless otherwise determined
16  by the Court."  C.D. Cal. R. 54-1.

17      Plaintiff seeks a total of $670 in costs, for purchase of a
18  deed, gas and mileage reimbursement, the filing fee, and service
19  of process.  (Kim Decl., Ex. A, ECF No. 18-2 at 6.)  Although he
20  fails to support his request for the deed purchase and gas and
21  mileage by providing receipts or other similar evidence,
22  Plaintiff's counsel declares under penalty of perjury that a
23  total of $670 in costs were incurred.  (Kim Decl., ECF No. 18-2
24  at 3.)  Thus, the Court grants these requests.  See Garcia v.
25  Kim, No. CV 20-2136-KS, 2022 WL 3013238, at *10 (C.D. Cal. May
26  20, 2022) (accepting plaintiff's counsel's declaration that
27  plaintiff incurred litigation expenses in similar ADA case in
28  amount sought and awarding costs in that amount).  Accordingly,

Plaintiff is awarded costs in the amount of $670.

For the above reasons, Plaintiff is entitled to a total fees and costs award of $2,670.

**CONCLUSION**

Consistent with the foregoing, the Court ORDERS as follows:

1.  Plaintiff's Motion for Default Judgment (ECF No. 18) is GRANTED;

2.  Judgment shall be entered in favor of Plaintiff against Defendants So Cal Auto Clinic and Anoush Papazian, as trustee of the Anoush Papazian Trust, in the amount of $6,670, consisting of $4,000 in statutory damages, $2,000 in attorney's fees, and $670 in costs; and

3.  Defendants are ORDERED to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act by providing an accessible entrance to the property located at 7026 Foothill Boulevard, Tujunga, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines.

IT IS SO ORDERED.

DATED: August 4, 2025

JEAN ROSENBLUTH
U.S. Magistrate Judge